IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES EX REL. OMAR BADR, <br><br> Plaintiff-Appellants, <br><br> v. <br><br> TRIPLE CANOPY, INC., <br><br> Defendant-Appellee, | Nos. 13-2190(L), 13-2191 |

**UNOPPOSED MOTION OF THE UNITED STATES
FOR LEAVE TO FILE A SEPARATE BRIEF AND TO EXTEND
DEADLINE FOR FILING APPELLEE'S RESPONSIVE BRIEF**

Pursuant to Local Rule 28(d), appellant United States respectfully requests leave to file a full-length brief in this case separate from appellant-relator Omar Badr. As explained below, the United States and the relator will address different substantive questions, and separate briefs are necessary to ensure that the relator and the United States each have an adequate opportunity to address their separate claims. The United States has a strong institutional interest in exercising independent litigation

judgment in this context.  Counsel for defendant-appellee has consented to this motion on the condition that the deadline for filing appellee's brief (which will now respond to two briefs) be extended to January 30, 2013. Counsel for appellant-relator Omar Badr has also consented to this motion.

    1.  This case involves allegations that defendant Triple Canopy Incorporated ("TCI") falsified firearms training and qualification records that were required to receive payments under contracts with the Army to protect military bases in Iraq and knowingly billed the Army for security personnel who could not provide the essential protective services that the government bargained for.  A former employee of TCI, Omar Badr, filed a *qui tam* suit under the False Claims Act ("FCA"), 31 U.S.C. § 3729, *et seq.*, and the United States intervened as to Count I of the relator's complaint with respect to one military base located in Al Asad, Iraq.  The government's complaint in intervention asserted seven different claims against TCI:  two separate violations of the FCA (Counts I and II), breach of contract (Count III); actual and constructive fraud (Counts IV and V); payment by mistake (Count VI), and unjust enrichment (Count VII).

2. The district court granted TCI's motion to dismiss Counts I, II, IV, V, and VII of the government's complaint, and dismissed the relator's complaint in its entirety. With respect to the government's FCA claims, the court held, in pertinent part, "that the Government fails to state a claim because it failed to sufficiently plead that Defendant submitted a demand for payment containing an objectively false statement." 6/19/13 Op. at 1. The court also held that the government's "false records" claim under 31 U.S.C. § 3729(a)(1)(B) failed on the independent ground that the complaint contained no "allegation that the Government reviewed the weapons scorecards for the purposes of issuing payment," and thus failed adequately to allege a "false claim" because it failed to allege "reliance upon the allegedly falsified records." *Id*. at 2.

The court dismissed the relator's FCA claims on independent grounds and in separate analysis. The court held that the "Relator fails to state a claim because Relator does not sufficiently allege with particularity the existence of any false claims or the submission of a false claim by Defendant," and further held that the "Relator lacks personal knowledge as

to the particular relevant provisions of the contracts governing other military bases or the events that transpired at those bases." *Id*. at 2. *See also id*. at 19-22 (explaining grounds for dismissing relator's claims).

In addition, the district court dismissed the government's common law fraud claims (Counts IV and V) on the ground that the complaint "lacks any specific allegations that a government official actually reviewed the records and relied upon them in authorizing payment to TCI." *Id*. at 3. The court also dismissed the government's unjust enrichment claim (Count VII) on the ground that it could not proceed "where an express contract controls the dispute." *Id*. at 3.

Although the district court initially declined to dismiss the government's claims for breach of contract (Count III) and payment by mistake (Count VI), TCI later moved to dismiss those claims for lack of jurisdiction, arguing that the Contract Disputes Act, 41 U.S.C. § 7101, *et seq.*, divested the court of jurisdiction over the contract claims once the fraud claims had been dismissed. On July 23, 2013, the district court granted that motion and dismissed the government's remaining claims.

4

3. The relator and the United States each appealed. This Court consolidated those appeals (Nos. 13-2190(L), 13-2191) and issued a briefing order on October 18, 2013, stating that "[a]ll parties to a side must join in a single brief, even in consolidated cases, unless the court has granted a motion for leave to file separate briefs pursuant to Local Rule 28(a) and 28(d)." The Court also established a briefing schedule, directing appellants to file their opening brief and appendix by November 27, 2013, appellee to file its response brief by December 30, 2013, and any reply brief to be filed 14 days thereafter.

4. The United States respectfully requests leave to file separate briefs (both opening and reply) from the *qui tam* relator in this appeal. The United States and the relator pursued separate and distinct claims in district court, and the district court independently analyzed those claims and dismissed them on different grounds. Because the United States and the relator will address different substantive questions, not overlapping ones, separate briefs are necessary to ensure that the relator and the United States each have an adequate opportunity to address their separate claims.

5

The United States has a strong institutional interest in exercising independent litigation judgment in this context. Congress has charged the Attorney General with representing the legal interests of the United States and, except as otherwise provided by law, with supervising all litigation in which the United States or an agency or officer thereof is a party. *See* 28 U.S.C. §§ 517, 519. The legal arguments to be advanced by the United States in this Court must be within the exclusive control of attorneys for the United States. A requirement to coordinate a joint litigating position with private counsel is incompatible with that statutory responsibility. Thus, in similar circumstances, this Court has granted leave for the United States to file separate briefs from *qui tam* relators pursuing independent appeals in the same case. *See, e.g., United States ex rel. Bunk, et al. v. Gosselin World Wide Moving, et al.*, Nos. 12-1369(L), 12-1417 & 12-1494.

    5. We also request that the Court treat the brief of the United States as a separate brief for purposes of the type-volume limitations of Fed. R. App. P. 32(a). We will, of course, make every reasonable effort to avoid burdening the Court with duplicative argument.

6. The undersigned counsel has discussed this motion with counsel for the other parties. Counsel for the private relator consents to this motion. Counsel for the defendant-appellee consents to this motion on the condition that the deadline for filing appellee's brief (which will now respond to two briefs) be extended to January 30, 2013.

## CONCLUSION

For the foregoing reasons, the Court should grant the United States leave to file a separate, full-length brief as appellant and extend the deadline for filing appellee's brief to January 30, 2013.

    Respectfully submitted,

    MICHAEL S. RAAB
    (202) 514-4053

    **/s/ Charles W. Scarborough**
    CHARLES W. SCARBOROUGH
    (202) 514-1927
      Attorneys, Appellate Staff
      Civil Division
      U.S. Department of Justice
      950 Pennsylvania Ave., N.W.
      Room 7224
      Washington, D.C. 20530

OCTOBER 2013

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2013, I electronically filed the foregoing motion with the Clerk of the Court by using the appellate CM/ECF system.

I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system

/s/ Charles W. Scarborough
CHARLES W. SCARBOROUGH